Danielle Hultenius Moore (SBN 232480)
     E-Mail:  dmoore@fisherphillips.com
Lauren Bushman (SBN 314865)
     E-Mail:  lbushman@fisherphillips.com
Misha K. Jamshidi (SBN 333803)
     E-Mail:  mjamshidi@fisherphillips.com
FISHER & PHILLIPS LLP
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile:  (858) 597-9601

Attorneys for Defendant
AUTO TRUCK GROUP, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY MARTINEZ, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>AUTO TRUCK GROUP, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive,<br><br>                    Defendants. | Case No:<br><br>*Previously known as Sacramento Superior Court Case No. 24CV001510*<br><br>**DEFENDANT'S NOTICE OF REMOVAL AND REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT**<br><br>State Complaint Filed: January 29, 2024<br>Trial Date:          Not Set |

FP 49723719.1

## TABLE OF CONTENTS

I. THE STATE COURT ACTION ................................................................. 1

II. REMOVAL IS SUBJECT TO A LIBERAL PLEADING STANDARD. ........................................................................................... 2

III. BASES FOR REMOVAL JURISDICTION ............................................. 2

    **A.** Plaintiff's Citizenship ................................................................. 2

    **B.** Defendant's Citizenship ............................................................. 3

    **C.** Amount in Controversy .............................................................. 7

IV. TIMELINESS OF REMOVAL .............................................................. 17

V. VENUE IS PROPER ............................................................................. 17

VI. NOTICE PROVIDED TO STATE COURT AND PLAINTIFF .............. 17

Case No.:

TABLE OF CONTENTS

FP 49723719.1

# TABLE OF AUTHORITIES

**Federal Cases**                                                                    **Page(s)**

*Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*,
  465 F.2d 489 (9th Cir. 1972) ................................................................................ 8

*Bank One, Texas, N.A. v. Montle*,
  964 F.3d 281 (3d Cir. 2006) .................................................................................. 3

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
  574 U.S. 81 (2014) ................................................................................................ 2

*Galt G/S v. JSS Scandinavia*,
  142 F.3d 1150 (9th Cir. 1998) ......................................................................... 8, 15

*Garnett v. ADT LLC*,
  74 F. Supp. 3d 1332 (E.D. Cal. 2015) ................................................................... 2

*Johnson v. Columbia Properties Anchorage, LP*,
  437 F.3d 894 (9th Cir. 2006) ............................................................................. 3, 4

*Kanter v. Warnter-Lambert Co.*,
  265 F.3d 853 (9th Cir. 2001) ............................................................................. 3, 7

*Kantor v. Wellesley Galleries, Ltd.*,
  704 F.2d 1088 (9th Cir. 1983) ............................................................................... 3

*Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*,
  199 F.Supp.2d 993 (C.D. Cal. 2002) ..................................................................... 8

*Kroske v. U.S. Bank Corp.*,
  432 F.3d 976 (9th Cir. 2005) ................................................................................. 8

*Lara v. Trimac Transp. Servs. (W.) Inc.*,
  No. CV 10-4280, 2010 WL 3119366 (C.D. Cal. Aug. 6, 2010) .......................... 10

*Lew v. Moss*,
  797 F.2d 747 (9th Cir. 1986) ................................................................................. 3

*Marroquin v. Wells Fargo, LLC,*
   No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb.
   3, 2011) ........................................................................................................ *passim*

Case No.:

TABLE OF AUTHORITIES

FP 49723719.1

*Mintzis v. Scott,*
    No. 2:14-CV-01799-CAS, 2014 WL 3818104 (C.D. Cal. July 30, 2014)...............................................................................................*passim*

*Mitchell v. United States,*
    88 U.S. 350 (1875) .................................................................................................3, 7

*Mondragon v. Capital One Auto Fin.,*
    736 F.3d 880 (9th Cir. 2013)..................................................................*passim*

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,*
    526 U.S. 344 (1999) .....................................................................................17

*Newcombe v. Adolf Coors Co.,*
    157 686, 690-691 (9th Cir. 1998)................................................................7

*Roth v. Comerica Bank,*
    799 F.Supp.2d 1107 (C.D. Cal. 2010)....................................................8

*Siloam Springs Hotel, L.L.C. v. Century Sur. Co.,*
    781 F.3d 1233 (10th Cir. 2015)...............................................................3

*Simmons v. PCR Technology,*
    209 F. Supp. 2d 1029 (N.D. Cal. 2002) ...............................................15

*State Farm Mut. Auto. Ins. Co. v. Dyer,*
    19 F.3d 514 (10th Cir.1994).......................................................*passim*

*Swans v. Fieldworks, LLC*
    (C.D. Cal., Jan. 17, 2023, No. 222CV07250SPGMRW)................................16

*Valdez v. Allstate Ins. Co.,*
    372 F.3d 1115 (9th Cir. 2004)................................................................7

*Velez v. Crown Life Ins. Co.,*
    599 F.2d 471 (1st Cir. 1979) .................................................................8

**State Cases**

*Cochran v. Schwan's Home Service, Inc.*
    (2014) 228 Cal.App.4th 1137......................................................15

/ / /

Case No.:
TABLE OF AUTHORITIES

FP 49723719.1

**Federal Statutes**

28 U.S.C. §§ 84(b) ................................................................................................17

28 U.S.C. § 1332(a) ........................................................................................... 1, 2, 7

28 U.S.C. §§ 1441(a) .................................................................................... 1, 2, 7, 17

28 U.S.C. § 1446(a)(b) ...................................................................................... 1, 2, 17

**State Statutes**

Cal. Code Civ. Proc. § 1021.5 ...............................................................................16

Cal. Lab. Code § 218.5 .........................................................................................15

Cal. Lab. Code § 226(e)(1) ....................................................................................14

Cal. Labor Code § 226.7.....................................................................................11, 12

Cal. Labor Code § 1194.2(a) ..................................................................................13

Cal. Labor Code § 2802.........................................................................................15

FP 49723719.1

**TO PLAINTIFF AND THE CLERK OF THE ABOVE ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Auto Truck Group, LLC ("Defendant") hereby removes the above-referenced action of Plaintiff Randy Martinez from the Superior Court of California, County of Sacramento to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  The grounds for removal are as follows:

**I.      THE STATE COURT ACTION**

1.      On or about January 29, 2024, Plaintiff Randy Martinez filed an unverified Class Action Complaint ("Complaint") in the Superior Court of the State of California, in and for the County of Sacramento, thereby initiating the civil action entitled "RANDY MARTINEZ, on behalf himself and all others similarly situated, Plaintiff, vs. AUTO TRUCK GROUP, LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive, Defendants, Case No. 24CV001510." A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.      The County of Sacramento is within the territory of the United States District Court for the Eastern District of California.

3.      Plaintiff's Complaint asserts causes of action on behalf of a purported class for: (1) Failure to Pay All Overtime Wages; (2) Meal Period Violations; (3) Rest Period Violations, (4) Failure to Pay All Sick Time; (5) Wage Statement Violations; (6) Waiting Time Penalties; (7) Failure to Reimburse Necessary Business Expenses; and (8) Unfair Competition.

4.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all other process, pleadings, and orders served on Defendant are attached as **Exhibit A** (Complaint, Civil Case Cover Sheet, Summons, Notice of Case Assignment, and Proof of service of Summons).

/ / /

Case No.:
DEFENDANT'S NOTICE OF REMOVAL AND
REMOVAL OF CIVIL ACTION FROM STATE COURT

FP 49723719.1

5. Defendant was deemed served with the Summons and Complaint on January 30, 2024 via personal service. (Lauren Bushman Decl., ¶2.) Defendant filed an Answer to Plaintiff's Complaint in the Superior Court of California, County of Sacramento, on February 28, 2024. (Bushman Decl., ¶3.) A copy of Defendant's Answer is attached hereto as **Exhibit B**.

6. No further pleadings have been filed and no further proceedings related thereto have been heard in Superior Court. (Bushman Decl., ¶ 4.)

## II.    REMOVAL IS SUBJECT TO A LIBERAL PLEADING STANDARD.

7. In 2014, the U.S. Supreme Court held that notices of removal are subject to the same general pleading standards applicable to complaints pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, and that accordingly such notices need not attach evidence or meet a burden of proof, but rather need only contain a "short and plain statement of the grounds for removal." (*Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)).) This governing principle also applies to a removing party's allegations as to the amount in controversy. (*See Id.* at 87-89; *Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1334 (E.D. Cal. 2015).)  Only if the Court, or another party, contests the allegations of removability must the removing party submit evidence supporting its allegations, whereupon removability is decided under a preponderance of evidence standard. (*See Dart Cherokee*, *supra,* 574 U.S. at 88-89.)

## III.    BASES FOR REMOVAL JURISDICTION

8. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. section 1332 because Plaintiff and Defendant are citizens of different states, Defendant is not a citizen of California, and the amount in controversy for Plaintiff exceeds $75,000 exclusive of interest and costs.  Accordingly, this case may be removed to this Court under 28 U.S.C. sections 1441 and 1446.

### A. Plaintiff's Citizenship

9. To establish citizenship for diversity purposes, a natural person must

be domiciled in a particular state. (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).)  Natural persons are domiciled in the places they reside with the intent to remain or to which they intend to return. (*Kanter v. Warnter-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).)  Residence is *prima facie* evidence of domicile. (*Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir.1994); *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011).)  An existing domicile is presumed to continue. (*Mitchell v. United States*, 88 U.S. 350, 353 (1875) ("[D]omicile, once acquired, is presumed to continue until it is shown to have been changed."); *Mintzis v. Scott*, No. 2:14-CV-01799-CAS, 2014 WL 3818104, at *5 (C.D. Cal. July 30, 2014); *Bank One, Texas, N.A. v. Montle*, 964 F.3d 281, 288 (3d Cir. 2006).)  It is presumed that a natural person's residence is also his domicile, and a party resisting this presumption bears the burden of producing contrary evidence.  *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

Here, Plaintiff at all relevant times, was and currently is a California resident residing in the State of California. (Complaint, ¶ 9.) Accordingly, Plaintiff is domiciled in and a citizen of the State of California.

### B.   Defendant's Citizenship

10.   Auto Truck Group, LLC is a limited liability company.  In determining the citizenship of an LLC, courts look to the citizenship of each member of the company. (*Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).)  Unlike a corporation, an LLC is not a citizen of the state in which it was organized unless one of its members is a citizen of that state. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015).

11.   At all relevant times, Auto Truck Group, LLC was an LLC with 13 members: Bradley W. Blanco, Christopher G. Conroy, Carl A. Ortell, James

3

Russell Wells, Katherine A. Mullin, Melinda K. Holman, Joseph T. Monteleone, Jeff E. Mower, Brian K. Horwith, Christopher S. Hurren, Edward A. David, Peter R. Dondlinger, Erik Palm. (*See* Declaration of Brendon Renouf ("Renouf Decl.") ¶ 3; Request for Judicial Notice ("RJN"), ¶ 1) filed concurrently herewith.) Because each member of Auto Truck Group, LLC is a natural person, the diversity requirements for natural persons must be satisfied to make removal proper. (*Johnson*, *supra*, 437 F.3d at 899.)

12.    All of Auto Truck Group, LLC's members reside outside of California:

(*a*)    Bradley W. Blanco is a resident of Aurora, Illinois, where he lived when the Complaint was filed, and is affiliated with the Holman office in Bartlett, Illinois. (*See,* Renouf Decl. ¶ 4; RJN, ¶ 1.) Mr. Blanco is accordingly domiciled in and a citizen of the State of Illinois. (*Mondragon*, *supra*, 736 F.3d at 886; *Dyer*, *supra*, 19 F.3d at 520; *Marroquin*, *supra*, No. 11CV163-L BLM, 2011 WL 476540, at *1.)

(*b*)    Christopher G. Conroy is a resident of Moorestown, New Jersey, where he lived when the Complaint was filed, and is affiliated with the Holman office in Mt. Laurel, New Jersey.  (*See,* Renouf Decl. ¶ 4; RJN, ¶ 1.) Mr. Christopher G. Conroy is accordingly domiciled in and a citizen of the State of New Jersey. (*Mondragon*, *supra*, 736 F.3d at 886; *Dyer*, *supra*, 19 F.3d at 520; *Marroquin*, *supra*, No. 11CV163-L BLM, 2011 WL 476540, at *1.)

(*c*)    Carl A. Ortell is a resident of Moorestown, New Jersey, where he lived when the Complaint was filed, and is affiliated with the Holman office in Mt. Laurel, New Jersey.  (*See,* Renouf Decl. ¶ 4; RJN, ¶ 1.) Mr. Carl A. Ortell is accordingly domiciled in and a citizen of the State of New Jersey. (*Mondragon*, *supra*, 736 F.3d at 886; *Dyer*, *supra*, 19 F.3d at 520; *Marroquin*, *supra*, No. 11CV163-L BLM, 2011 WL 476540, at *1.)

(*d*)    James Russel Wells is a resident of Handdonfield, New Jersey,

where he lived when the Complaint was filed, and is affiliated with the Holman office in Mt. Laurel, New Jersey.  (*See,* Renouf Decl. ¶ 4; RJN, ¶ 1.) Mr. James Russel Wells is accordingly domiciled in and a citizen of the State of New Jersey. (*Mondragon*, *supra*, 736 F.3d at 886; *Dyer*, *supra*, 19 F.3d at 520; *Marroquin*, *supra*, No. 11CV163-L BLM, 2011 WL 476540, at *1.)

(e)    Katherine A. Mullin is a resident of Moorestown, New Jersey, where she lived when the Complaint was filed, and is affiliated with the Holman office in Mt. Laurel, New Jersey.  (*See,* Renouf Decl. ¶ 4; RJN, ¶ 1.) Ms. Katherine A. Mullin is accordingly domiciled in and a citizen of the State of New Jersey. (*Mondragon*, *supra*, 736 F.3d at 886; *Dyer*, *supra*, 19 F.3d at 520; *Marroquin*, *supra*, No. 11CV163-L BLM, 2011 WL 476540, at *1.)

(f)    Melinda K. Holman is a resident of Moorestown, New Jersey, where she lived when the Complaint was filed, and is affiliated with the Holman office in Mt. Laurel, New Jersey. (*See,* Renouf Decl. ¶ 4; RJN, ¶ 1.) Ms. Melinda K. Holman is accordingly domiciled in and a citizen of the State of New Jersey. (*Mondragon*, *supra*, 736 F.3d at 886; *Dyer*, *supra*, 19 F.3d at 520; *Marroquin*, *supra*, No. 11CV163-L BLM, 2011 WL 476540, at *1.)

(g)    Joseph T. Monteleone is a resident of St. Charles, Illinois, where he lived when the Complaint was filed, and is affiliated with the Holman office in Bartlett, Illinois.  (*See,* Renouf Decl. ¶ 4; RJN, ¶ 1.) Mr. Joseph T. Monteleone is accordingly domiciled in and a citizen of the State of Illinois. (*Mondragon*, *supra*, 736 F.3d at 886; *Dyer*, *supra*, 19 F.3d at 520; *Marroquin*, *supra*, No. 11CV163-L BLM, 2011 WL 476540, at *1.)

(h)    Jeff E. Mower is a resident of Wheaton, Illinois, where he lived when the Complaint was filed, and is affiliated with the Holman office in Bartlett, Illinois. (*See,* Renouf Decl. ¶ 4; RJN, ¶ 1.) Mr. Jeff E. Mower is accordingly domiciled in and a citizen of the State of Illinois. (*Mondragon*, *supra*, 736 F.3d at 886; *Dyer*, *supra*, 19 F.3d at 520; *Marroquin*, *supra*, No. 11CV163-L BLM,

Case No.:
DEFENDANT'S NOTICE OF REMOVAL AND
REMOVAL OF CIVIL ACTION FROM STATE COURT

FP 49723719.1

2011 WL 476540, at *1.)

        **(i)**     Brian K. Horwith is a resident of Coplay, Pennsylvania, where he lived when the Complaint was filed, and is affiliated with the Holman office in Mt. Laurel, New Jersey. (*See,* Renouf Decl. ¶ 4; RJN, ¶ 1.) Mr. Brian K. Horwith is accordingly domiciled in and a citizen of the State of New Jersey. *(Mondragon, supra,* 736 F.3d at 886; *Dyer, supra,* 19 F.3d at 520; *Marroquin, supra,* No. 11CV163-L BLM, 2011 WL 476540, at *1.)

        **(j)**     Christopher S. Hurren is a resident of Moorestown, New Jersey, where he lived when the Complaint was filed, and is affiliated with the Holman office in Mt. Laurel, New Jersey.  (*See,* Renouf Decl. ¶ 4; RJN, ¶ 1.) Mr. Christopher S. Hurren is accordingly domiciled in and a citizen of the State of New Jersey. *(Mondragon, supra,* 736 F.3d at 886; *Dyer, supra,* 19 F.3d at 520; *Marroquin, supra,* No. 11CV163-L BLM, 2011 WL 476540, at *1.)

        **(k)**     Edward A. Davis is a resident of St. Charles, Illinois, where he lived when the Complaint was filed, and is affiliated with the Holman office in Bartlett, Illinois.  (*See,* Renouf Decl. ¶ 4; RJN, ¶ 1.) Mr. Edward A. Davis is accordingly domiciled in and a citizen of the State of New Jersey. *(Mondragon, supra,* 736 F.3d at 886; *Dyer, supra,* 19 F.3d at 520; *Marroquin, supra,* No. 11CV163-L BLM, 2011 WL 476540, at *1.)

        **(l)**     Peter R. Dondlinger is a resident of Elmhurts, Illinois, where he lived when the Complaint was filed, and is affiliated with the Holman office in Bartlett, Illinois. (*See,* Renouf Decl. ¶ 4; RJN, ¶ 1.) Mr. Peter R. Dondlinger is accordingly domiciled in and a citizen of the State of Illinois. *(Mondragon, supra,* 736 F.3d at 886; *Dyer, supra,* 19 F.3d at 520; *Marroquin, supra,* No. 11CV163-L BLM, 2011 WL 476540, at *1.)

        **(m)**     Erik Palm is a resident of Western Spring, Illinois, where he lived when the Complaint was filed, and is affiliated with the Holman office in Bartlett, Illinois. (*See,* Renouf Decl. ¶ 4; RJN, ¶ 1.) Mr. Erik Palm is accordingly

6

domiciled in and a citizen of the State of Florida. *(Mondragon*, *supra*, 736 F.3d at 886; *Dyer*, *supra*, 19 F.3d at 520; *Marroquin*, *supra*, No. 11CV163-L BLM, 2011 WL 476540, at *1.)*

13. Accordingly, Auto Truck Group, LLC is a citizen of Illinois, New Jersey, and Florida.[1] *(Mondragon*, *supra*, 736 F.3d at 886 (residence is *prima facie* evidence of domicile); *Mitchell*, *supra*, 88 U.S. at 353 ("[D]omicile, once acquired, is presumed to continue until it is shown to have been changed.").

14. Because Plaintiff is a California citizen and Auto Truck Group, LLC is a citizen of Illinois, New Jersey, and Florida, complete diversity of citizenship exists in this matter.

### C.   **Amount in Controversy**

15. The Court has diversity jurisdiction over an action in which the parties are not citizens of the same state and "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs."  (28 U.S.C. § 1332(a).)

16. Plaintiff's Complaint does not expressly identify the amount in controversy in this action, though he does state in the complaint that "the amount in controversy exceeds this Court's jurisdictional minimum," as well as indicating in his filed civil cover sheet that the amount in controversy exceeds $35,000. (*See* Exhibit A, Complaint, ¶ 7.)

17. The $75,000 threshold necessary for diversity jurisdiction is not particularly burdensome and can be determined from other sources, including statements made in the Notice of Removal.  (*See Kanter, supra,* 265 F.3d at p. 857 (examining the complaint and removal notice in assessing amount in controversy); *see also Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004) ("[W]e

---

[1]   The Complaint also names Defendants DOES 1-10 ("DOE Defendants").   Pursuant to 28 U.S.C. § 1441(a), the citizenship of DOE Defendants is disregarded. *See, Newcombe v. Adolf Coors Co.*, 157 686, 690-691 (9th Cir. 1998).  For this reason, this Notice of Removal does not discuss the citizenship of the alleged DOE Defendants.

Case No.:
DEFENDANT'S NOTICE OF REMOVAL AND
REMOVAL OF CIVIL ACTION FROM STATE COURT

reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint.").)

18. Defendant adamantly denies Plaintiff's allegations, denies any liability, and denies that Plaintiff has suffered any damages. Nevertheless, in assessing the amount in controversy for diversity jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. (*Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Roth v. Comerica Bank*, 799 F.Supp.2d 1107, 1117 (C.D. Cal. 2010); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002).) This includes any possible award of attorneys' fees where, as here, a statute at issue awards attorneys' fees to the prevailing party. (*See, Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.") (citations omitted); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998) (citing *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979)). The ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what the amount of a defendant's liability (if any) will ultimately be.

19. In the instant case, Plaintiff alleges eight causes of action seeking recovery of compensatory, consequential, general damages, special damages, penalties, waiting time penalties, unreimbursed expenses, interest, attorney's fees and costs, restitution and prejudgment interest on all due and unpaid wages. (Exhibit A, Complaint, Prayer ¶¶1-15.). Although Defendant denies Plaintiff's claims of wrongdoing and the unspecified request for relief thereon, the facial allegations in the Complaint and total amount of estimated compensatory, consequential, general damages, special damages, penalties, waiting time penalties, unreimbursed expenses, interest, attorney's fees and costs, restitution and prejudgment interest on all due and unpaid wages at issue are in excess of $75,000

8

for Plaintiff.

20.    In determining the amount in controversy, Defendant relies on the allegations in Plaintiff's Complaint and the evidence submitted as follows:

(a)    **Time period:** Plaintiff's Complaint seeks to recover for four years predating the filing of the Complaint to the present. (Complaint ¶35.) However, Defendant has calculated the amount in controversy from when Plaintiff began employment on April 13, 2023 through the pay period ending December 10, 2023. This is because Plaintiff went on an extended leave of absence after the pay period ending December 10, 2023 and has not again worked thereafter, but is still currently employed. (*Id.* at ¶ 16.) ("Plaintiff's Time Period").

(b)    **Pay periods**: Plaintiff was paid on a weekly basis, with pay periods occurring every Friday. (Declaration of Christopher Prenkert ("Prenkert Decl.") ¶ 3). Thus, from April 13, 2023, through the last day Plaintiff worked during the pay period ending December 10, 2023, Plaintiff experienced 35 pay periods. (*Id*. at ¶ 3.) Thus, for purposes of Plaintiff's damages calculations, Plaintiff only worked 35 work weeks (and 35 pay periods) from April 13, 2023, through December 10, 2023.  (Id. at ¶ 3.)

(c)    **Workweeks**: As noted, based on Plaintiff's tenure of employment, Defendant performed its analysis on the 35 workweeks during Plaintiff's Time Period when calculating how many meal periods and rest breaks per year were allegedly not provided by Defendant. On average, Plaintiff worked 5 days per week. (Prenkert Decl., ¶ 4.) Defendant thus treated each of the workweeks during Plaintiff's Time Period as including five (5) workdays per workweek, resulting in five (5) days per pay period (or 175 workdays, [5 days x 35 pay periods]).

(d)    **Rate of Pay**: Based on Plaintiff's wage statements during his employment, he earned a base hourly rate of $26.00. (Prenkert Decl., ¶ 5.)

(e)    **Defendant's** analysis included herein applies the applicable

9                    Case No.:

FP 49723719.1

statutes of limitations to each of Plaintiff's claims, irrespective of whether Plaintiff contends that he may recover for all claims occurring in the four years preceding the filing of the instant Class Complaint. Generally, a removing defendant need not factor in affirmative defenses like statutes of limitations. *See, e.g.*, *Lara v. Trimac Transp. Servs. (W.) Inc.*, No. CV 10-4280, 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010) ("The amount in controversy is not the same as the amount ultimately recovered. As a consequence of that proposition, affirmative defenses, counterclaims, and potential offsets may not be invoked to demonstrate the amount-in-controversy is actually less than the jurisdictional minimum." (citations omitted)).

21.     Defendant provides below calculations of the amount in controversy for each of Plaintiff's claims:

22.     **Unpaid Meal Periods (Second Cause of Action):**

**(a)     Plaintiff's Allegations**: Plaintiff alleges that he was "denied compliant and timely 30-minute off-duty meal periods as mandated by California law." (Complaint ¶¶ 24, 25.) Moreover, Plaintiff alleges that he "could not take timely and uninterrupted net 30-minute first meal periods before the end of the fifth hour of work. Further, when [he] and other non-exempt employees worked more than 10.0 hours in a shift, they were not always allowed and permitted to take a mandated second meal period before the end of the tenth hour of work in violation of the Labor Code and applicable Wage Orders." (*Id.*) Plaintiff alleges that "Defendant failed and continues to fail to maintain a mechanism by which non-exempt employees were paid meal period premiums at the "regular rate of pay" …" (Complaint ¶ 25.) Plaintiff often worked over 40 hours per week, which was in excess of 8 hours per day. (Prenkert Decl. ¶ 5.) Thus, based on Plaintiff's work schedule discussed above, Plaintiff's allegations reflect at least **(1)** 5 missed meal periods and potentially and additional **(2)** 2-3 second missed meal periods when he worked in excess of 10 hours per day per pay period.

FP 49723719.1

**(b)** **Premium Wage Amount:** Section 226.7 provides that "[i]f an employer fails to provide an employee a meal or rest or recovery period . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." As explained above, Defendant can use the base hourly wage rate of $26.00, based on Plaintiff's wage statements, but Plaintiff alleges that the penalties should be paid at the regular rate, which is higher than the base hourly rate. (*See* Prenkert Decl., ¶5.) Therefore, Defendant will assume a higher regular rate of approximately $30.00 per hour.

**(c)** **Calculation**: Defendant calculates Plaintiff's alleged meal period claims recovery as follows: Defendant multiplied the number of pay periods occurring during Plaintiff's Time Period multiplied by the five missed meal periods breaks and 2.5 second missed meal periods per pay period multiplied by the premium wage rate. The results are as follows: (35 pay periods x 5 meal periods per pay period x 2.5 second missed meal periods per pay period x $30.00— premium wage per meal period = **$13,125**). Additionally, Plaintiff alleges missed meal periods (in addition to late/short meal periods), which requires payment for the actual time worked, so Defendant multiplied the number of pay periods occurring during Plaintiff's Time Period multiplied by the five missed meal periods breaks multiplied by the base hourly pay. The results are as follows: (35 pay periods x 5 meal periods per pay period x $26.00—unpaid wages wage per meal period = **$4,550**). This totals **$17,675** ($13,125 plus $4,550) for Plaintiff's Meal Period claim.

23. **Unpaid Rest Periods (Third Cause of Action):**

**(a)** **Plaintiff's Allegations**: Plaintiff alleges that he was "not provided with all 10-minute rest periods for every four hours worked, or a major fraction thereof, due to Defendant's uniform rest period policies/practices, operational requirements, and work demands." (Complaint ¶ 27.) Moreover,

11 Case No.:
DEFENDANT'S NOTICE OF REMOVAL AND REMOVAL OF CIVIL ACTION FROM STATE COURT

FP 49723719.1

Plaintiff alleges that this "includes a second rest period for shifts in excess of six hours and a third rest period for shifts in excess of 10.0 hours in a workday. (*Id.*) Plaintiff alleges that "[e]ach time non-exempt employees could not take a compliant rest period, Defendant failed and continues to fail to adequately pay rest period premium payments at the "regular rate of pay" as required by Labor Code § 226.7." (Complaint ¶ 28.) Plaintiff often worked over 40 hours per week, which was in excess of 8 hours per day. (Prenkert Decl. ¶ 4.) Thus, based on Plaintiff's work schedule discussed above, Plaintiff's allegations reflect at least 5 missed rest periods and **(2)** 2-3 second missed rest periods when he worked in excess of 6 hours per day per pay period, and **(3)** 2 third missed rest periods when he worked in excess of 10 hours per day per pay period.

  **(b)**   **Premium Wage Amount:** Section 226.7 provides that "[i]f an employer fails to provide an employee a meal or rest or recovery period . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." As explained above, Defendant can use the base hourly wage rate of $26.00, based on Plaintiff's wage statements, but Plaintiff alleges that it should be paid at the regular rate, which is higher than the base hourly rate. (*See* Prenkert Decl., ¶5.) Therefore, Defendant will assume a higher regular rate of approximately $30.00 per hour.

  **(c)**   **Calculation**: Defendant calculates Plaintiff's alleged rest period claims recovery as follows: Defendant multiplied the number of pay periods occurring during Plaintiff's Time Period multiplied by the five missed rest periods breaks. The result is as follows: (35 pay periods x 5 rest periods per pay period x $30.00—premium wage per meal period = **$5,250**).

  24.   **Failure to Pay Overtime Owed (First Cause of Action):**

  **(a)**   **Plaintiff's allegations**: Plaintiff alleges he "and other non-exempt employees regularly worked various shifts, many of which were more than

8.0 hours in a workday and 40.0 hours in a workweek." (Complaint ¶ 17.) Further, Plaintiff alleges that Defendant failed "to pay for all hours properly worked off-the-clock" and "to include all forms of compensation, including, but not limited to, non-discretionary bonuses and other incentive pay in calculating the 'regular rate of pay,' which resulted in these individuals not being paid for all overtime hours worked." (*Id.* at 47.) Plaintiff does not allege a specific figure or amount of daily and/or weekly overtime.

**(b)    Rate of Pay**: California Labor Code section 1194 (a) provides in relevant part that "…any employee receiving less than the… legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of … overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Cal. Labor Code § 1194(a). Additionally, California Labor Code section 1194.2(a) provides that an employee shall be entitled to recover liquidated damages in amounts equal to the wages unlawfully unpaid and interest thereon.

**(c)    Calculation**: To calculate the damages for failure to pay overtime wages under Section 1194, Defendant calculated daily violation rate across a "low" (0.5 hours a day) and "high" (two hours a day) range of uncompensated overtime. These assumptions would result in a weekly violation rate of two and one-half hours (2 ½ hours) on the low end, and ten (10) hours on the high end of the range. Thus, Defendant multiplied the number of pay periods occurring during Plaintiff's Time Period multiplied by the assumed violation rate of unpaid overtime wages per pay period, multiplied by one and one-half (1.5) the average wage. The results are as follows: Low value = **$2,437.50** (35 pay periods x 2.5 hours per pay period x $39.00= $); High value = **$9,750** (35 pay periods x 10 hours per pay period x $39.00= $9,750). Defendant also calculated liquidated damages in the amounts equal to the wages unpaid, which adds an additional **$2,437.50** to the low value and an additional **$9,750** to the high value. The result is

13                    Case No.:

**$4,875** for the low value and **$19,500** for the high value.

25.    **Non-Complaint Wage Statements (Fifth Cause of Action):**

(a)    **Plaintiff's allegations**: Plaintiff alleges that Defendant violated California Labor Code section 226 by failing to provide accurate wage statements. (Complaint ¶¶ 64-68.) Plaintiff alleges that Defendant's failure to pay Plaintiff "for all overtime, sick pay wages, and missed meal and rest period premiums at the appropriate legal rate," and therefore Defendant "issued wage statements which failed to identify the gross wages earned accurately, the total hours worked, the net wages earned, and the correct corresponding number of hours worked at each hourly rate, in violation of Labor Code § 226(a)(1, 2, 5, and 9)." (Complaint ¶ 30, 67.) Based on the theories asserted by Plaintiff, each wage statement of Plaintiff's (and each of the putative class members' wage statements) would purportedly reflect inaccurate gross wages earned, total hours worked, net wages earned, and correct correspondence number of hours worked at each hourly rate.

(b)    **Penalty Amount**: Section 226 provides that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer [to issue accurate wage statements] is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)." Cal. Lab. Code § 226(e)(1).

(c)    **Calculation**: During Plaintiff's Time Period, he received 35 paystubs. Thus, the calculation for Section 226 penalties, is as follows: (1 pay period x $50 per initial pay period) + (34 pay periods x $100 per subsequent pay period) = **$3450**.

26.    **Failure to Reimburse (Seventh Cause of Action):**

(a)    **Plaintiff's allegations**: Plaintiff alleges that "Defendant required Plaintiff and other non-exempt employees to incur necessary business for

DEFENDANT'S NOTICE OF REMOVAL AND REMOVAL OF CIVIL ACTION FROM STATE COURT

FP 49723719.1

work-related purposes but did not reimburse non-exempt employees adequately for these necessary expenditures in violation of Labor Code §§ 2802-2804." (Complaint ¶ 34.) Plaintiff alleges that Defendant failed to reimburse Plaintiff for "a reasonable portion of their monthly personal cell phone bills incurred in the discharge of their duties" (complaint ¶ 78) but does not provide a numerical value owed.

      **(b)    Reimbursement Amount Owed:** *Cochran v. Schwan's Home Service, Inc.* (2014) 228 Cal.App.4th 1137 held "that when employees must use their personal cell phones for work-related calls, Labor Code section 2802 requires the employer to reimburse them. Whether the employees have cell phone plans with unlimited minutes or limited minutes, the reimbursement owed is a reasonable percentage of their cell phone bills." (Complaint ¶ 78.)

      **(c)    Calculation**: A reasonable percentage of a cell phone bill is likely calculated to be $35 per pay period. Defendant multiplied the number of pay periods occurring during Plaintiff's Time Period multiplied by the $35 per pay period in cell phone reimbursement value. The results are as follows: (35 pay periods x $35 expense reimbursement = **$1,225**).

      27.    **Attorneys' Fees**: Attorneys' fees are to be included in the Court's analysis of the amount in controversy. (*See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).) In *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029 (N.D. Cal. 2002), the Court found that attorneys' fees "necessarily accrue until the action is resolved. Thus, the Ninth Circuit must have anticipated that district courts would project fees beyond removal. The court determines the amount in controversy based on the damages that can reasonably be anticipated at the time of removal. Similarly, the measure of fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." (*Id.* at 1034-35 (footnote omitted).) Thus, if Plaintiff prevails on his causes of action, he would be entitled to recover reasonable attorneys' fees. (*See,* Cal. Lab. Code §

218.5; Cal. Code Civ. Proc. §1021.5.) If Plaintiff's counsel litigated this matter through trial (including through the pleadings, discovery, motion practice, and pre-trial preparation), Defendant estimates Plaintiff's counsel will need to spend at least 100 hours on this matter (a conservative estimate); moreover, hourly rates for employment counsel who handle matters similar to the instant case generally meet or exceed $600 per hour. As a result, attorney's fees for this matter are conservatively estimated at $60,000. (*See Swans v. Fieldworks, LLC* (C.D. Cal., Jan. 17, 2023, No. 222CV07250SPGMRW) at *2 (approving of $60,000 fee estimate in putative wage and hour class action where defendant employer assumed "Plaintiff's counsel will spend a minimum of 100 hours of work prosecuting this putative class action while billing an hourly rate of $600.").)

28. Based on the foregoing, the total amount in controversy for Plaintiff's claims alone is as follows:

| Claim | Amount |
|---|---|
| Failure to Pay All Overtime (First Cause of Action) | Low value = **$4,875** High value = **$19,500** |
| Failure to Provie Meal Periods (Second Cause of Action) | **$17,675** |
| Failure to Provide Rest Periods (Third Cause of Action) | **$5,250** |
| Wage Statement Violations (Fifth Cause of Action) | **$3,450** |
| Failure to Reimburse (Seventh Case of Action) | **$1,225** |
| Attorneys' Fees | **$60,000.00** |
| **Total** | (Low) **$92,475** (High) **$107,100** |

FP 49723719.1

Based on the foregoing, it is respectfully submitted that the amount in controversy exceeds $75,000, and that this action is properly removed to this Court.

## IV.    TIMELINESS OF REMOVAL

29.    Under 28 U.S.C. §1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise…" The 30-day period for removal is triggered once service occurs. (*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).) Defendant Auto Truck Group, LLC was deemed served with the Summons and Complaint on January 30, 2024. (See paragraph 5 above.) Accordingly, this Notice of Removal is timely.

## V.    VENUE IS PROPER

30.    Because Plaintiff's state-court action was filed in the Superior Court of California for the County of Sacramento, it is properly removed to the United States District Court for the Eastern District of California. (See 28 U.S.C. §§ 84(b) and 1441(a).)

## VI.    NOTICE PROVIDED TO STATE COURT AND PLAINTIFF

31.    A written Notice of Removal in the United States District Court for the Eastern District of California was served on Plaintiff's counsel of record. A copy of Defendant's Notice to Adverse Party of Removal of Action to Federal Court is attached as **Exhibit C**.

Dated:  February 29, 2024

Respectfully submitted,

FISHER & PHILLIPS LLP

By: */s/ Lauren Bushman*
Danielle Hultenius Moore
Lauren Bushman
Misha K. Jamshidi
Attorneys for Defendant
AUTO TRUCK GROUP, LLC

17                    Case No.:
DEFENDANT'S NOTICE OF REMOVAL AND
REMOVAL OF CIVIL ACTION FROM STATE COURT

FP 49723719.1

# Exhibit A

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
01/29/2024
By: _____R. Fisher_____ Deputy

**BOKHOUR LAW GROUP, P.C.**
Mehrdad Bokhour, Esq., CA Bar No. 285256
*mehrdad@bokhourlaw.com*
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Tel: (310) 975-1493; Fax: (310) 675-0861

**FALAKASSA LAW, P.C.**
Joshua S. Falakassa, CA Bar No. 295045
*josh@falakassalaw.com*
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Tel: (818) 456-6168; Fax: (888) 505-0868

Attorneys for Plaintiff and the Putative Classes

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| RANDY MARTINEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>AUTO TRUCK GROUP, LLC. a Delaware Limited Liability Company; and DOES 1-50, inclusive.<br><br>Defendants. | CASE NO.: 24CV001510<br><br>**CLASS ACTION COMPLAINT:**<br><br>(1)  FAILURE TO PAY ALL OVERTIME WAGES;<br>(2)  MEAL PERIOD VIOLATIONS;<br>(3)  REST PERIOD VIOLATIONS;<br>(4)  FAILURE TO PAY ALL SICK TIME;<br>(5)  WAGE STATEMENT VIOLATIONS;<br>(6)  WAITING TIME PENALTIES;<br>(7)  FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES; &<br>(8)  UNFAIR COMPETITION<br><br>**DEMAND FOR JURY TRIAL** |

EXHIBIT A, Page 18

**CLASS ACTION COMPLAINT**

Plaintiff Randy Martinez ("Plaintiff"), on behalf of himself and all other similarly situated non-exempt employees, alleges and complains of Defendant Auto Truck Group, LLC. *dba* Holman ("Defendant") and DOES 1 to 50 (collectively "Defendants") and each of them, as follows:

## INTRODUCTION

1.    Defendant specializes in the design, manufacture, and installation of truck equipment for various customers.

2.    Plaintiff brings this class action lawsuit against Defendant for alleged violations of the California Labor Code and Business and Professions Code.

3.    As set forth below, Plaintiff alleges that Defendant failed to pay all overtime compensation and sick pay wages at the proper legal rates by failing to calculate the "regular rate of pay" correctly. Moreover, Plaintiff alleges that Defendant's meal and rest period policies and practices failed to allow and permit non-exempt employees to take all compliant and timely meal and rest periods or pay premium wages at the "regular rate of pay" in lieu thereof. Plaintiff further alleges that Defendant failed to provide non-exempt employees with accurate written itemized wage statements in violation of Labor Code § 226(a), failed to reimburse all necessary business expenses incurred, and failed to timely pay all final wages upon separation of employment in violation of Labor Code §§ 201-203.

4.    Based on these alleged Labor Code violations, Plaintiff now brings this class action and representative action to recover unpaid wages, restitution, penalties, and other related relief for himself and all other similarly situated non-exempt employees.

## JURISDICTION AND VENUE

5.    Plaintiff, on behalf of himself and all other similarly situated employees hereby bring this class action for recovery of unpaid wages and penalties under California Labor Code §§ 201-204, 210, 226(a), 226(a)(6),  226(e), 226.3, 226.7, 227.3, 246, 510, 512, 516, 1174, 1174.4, 1199, 2802-2804, and applicable Industrial Welfare Commission Wage Orders ("Wage Orders"), in addition to seeking declaratory relief and restitution pursuant to California Business and Professions Code § 17200, *et seq*.

6.    This class action is brought pursuant to the California Code of Civil Procedure § 382.

2

EXHIBIT A, Page 19

**CLASS ACTION COMPLAINT**

7. This Court has jurisdiction over Defendant violations of the California Labor Code and applicable Wage Orders because the amount in controversy exceeds this Court's jurisdictional minimum.

8. Venue is proper in this judicial district pursuant to California Code of Civil Procedure §§ 395(a) and 395.5, Defendant operates in California within the County of Sacramento, and Defendant is within the jurisdiction of this Court for the service of process.

## PARTIES

9. At all relevant times herein, Plaintiff, who is over 18, was and currently is a California resident residing in the State of California.

10. Plaintiff is informed, believes, and alleges that Defendants are authorized to do business within the County of Sacramento and is and/or was the legal employer of Plaintiff and the Class Members during the applicable statutory periods. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein and has been deprived of the rights guaranteed to him by California Labor Code §§ 201-203, 204, 210, 226, 226(a), 226(e), 226.3, 226.7, 227.3, 246, 510, 512, 516, 1174, 1174.4, 1199, 2802-2804, and the California Business and Professions Code § 17200 *et seq*., and applicable Wage Orders.

11. Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and continue to do) business in the State of California, County of Sacramento.

12. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the Defendants sued herein as DOES 1 to 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed, and believes, and thereon alleges, that each of said fictitious Defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes to be subject to the unlawful employment practices alleged herein.

3

EXHIBIT A, Page 20

**CLASS ACTION COMPLAINT**

13.    Plaintiff is informed, and believes, and thereon alleges, that at all times mentioned herein, Defendants were and are the employers of Plaintiff and all members of the Classes. At all times herein mentioned, each of the Defendants participated in the acts hereinafter alleged to have been done by the named Defendants. Furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

14.    At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all members of the Classes.

## COMMON FACTUAL ALLEGATIONS

15.    Defendant specializes in the design, manufacture, and installation of truck equipment for various customers.

16.    Plaintiff was employed by Defendant as a non-exempt employee with the title of "Press Brake Operator/Floater" from April 13, 2023, until the present at the Rancho Cordova, California, location. Plaintiff and other non-exempt employees (including, but not limited to, Mechanic, Licensing Expeditor, Collections Coordinator, Service Drive Team Lead, TRC Service Technician, and all other non-exempt positions) were responsible for all aspects of Defendant's business in California. However, in these roles, Plaintiff and non-exempt employees were often not afforded all protections and rights conferred under the California Labor Code and applicable wage orders.

17.    At all relevant times, Plaintiff and other non-exempt employees regularly worked various shifts, many of which were more than 8.0 hours in a workday and 40.0 hours in a workweek. Plaintiff alleges that other non-exempt employees were also subjected to the same policies, procedures, practices, working conditions, and corresponding wage and hour violations to which he

4

**CLASS ACTION COMPLAINT**

was subjected during his employment.

18.     First, at all relevant times, Plaintiff and other non-exempt employees worked regular shifts that lasted longer than 8.0 hours in a workday and resulted in non-exempt employees regularly working more than 40 hours in a workweek. However, Defendant uniformly failed to properly calculate and pay overtime wages at the proper legal rate due to Defendant's failure to include all forms of compensation/remuneration, including, but not limited to, commissions, incentives, non-discretionary bonuses, and all other forms of remuneration in calculating the "regular rate of pay" for purposes of overtime compensation.

19.     Under the California Labor Code (as well as the FLSA), courts have consistently held that regularly paid non-discretionary bonuses (and other forms of pay) must be included in determining an employee's "regular rate of pay" for purposes of calculating overtime. (See *Haber v. The Americana Corp.* 378 F. 2d 854, 855-856 (9th Cir. 1967) [holding that regularly paid efficiency bonuses must be included in calculating the "regular rate"]; *Wang v. Chinese Daily News*, Inc. 435 F. Supp. 2d 1042, 1055-1057 (C.D. Cal. 2006) [granting summary judgment to Plaintiff under California and federal law on the grounds that Defendant improperly calculated overtime by excluding annual bonuses paid to employees from the "regular rate of compensation"]; see *Walling v. Youngerman-Reynolds Hardwood Co.* (1945) 65 S.Ct. 1242, 1245. ("The regular rate by its very nature must reflect all payments which the parties have agreed shall be received regularly during the workweek, exclusive of overtime payments. It is not an arbitrary label chosen by the parties but an actual fact. Once the parties have decided upon the amount of wages and the mode of payment, the determination of the regular rate becomes a matter of mathematical computation, the result of which is unaffected by any designation of a contrary 'regular rate' in the contracts."); see also 29 CFR §§ 778.110 ("production bonus") and 778.111 ("piece-rate").

20.     By their policy of requiring Plaintiff and the other non-exempt employees to work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensating them at the lawful rate of one-half (1 1/2) their "regular rate of pay," Defendant willfully violated the provisions of Labor Code § 510 and the applicable Wage Orders.

5

**CLASS ACTION COMPLAINT**

21. Similarly, at all relevant times, Defendant also failed in its obligation to provide Plaintiff and other non-exempt employees the legally required paid sick days at the legal rate pursuant to Labor Code §§ 246(a),(b), which requires that "[a]n employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days. . . at the rate of not less than one hour per every 30 hours worked, beginning at the commencement of employment." Labor Code § 246(l)(1) provides that paid sick time for non-exempt employees must be "calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek."

22. Additionally, Labor Code § 246(l)(2) states that the paid sick time must be "calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment." Finally, Labor Code §246(i) requires employers to "provide an employee with written notice that sets forth the amount of paid sick leave available, or paid time off leave an employer provides in lieu of sick leave, for use on either the employee's itemized wage statement described in Section 226 or in a separate writing provided on the designated pay date with the employee's payment of wages."

23. Here, at all relevant times, Defendant failed in its obligation to provide Plaintiff and other non-exempt employees the legally required paid sick days at the legal rate, including all forms of compensation, pursuant to Labor Code §§ 246(a), (b). As such, Defendant paid sick time below the "regular rate of pay" as required by Labor Code §§ 246(l) (1-2).

24. Moreover, at all relevant times, Plaintiff and other non-exempt employees were denied compliant and timely 30-minute off-duty meal periods as mandated by California law. Due to Defendant's uniform meal period policies/practices, operational requirements, and work demands, Plaintiff and other non-exempt employees often could not take timely and uninterrupted net 30-minute first meal periods before the end of the fifth hour of work. Further, when Plaintiff and other non-exempt employees worked more than 10.0 hours in a shift, they were not always allowed and permitted to take a mandated second meal period before the end of the tenth hour of work in violation of the Labor Code and applicable Wage Orders. Indeed, Plaintiff and other non-exempt employees'

6

EXHIBIT A, Page 23

**CLASS ACTION COMPLAINT**

meal periods were often interrupted and/or lasted fewer than 30 minutes due to Defendant's meal period policies/procedures, operational requirements, and work demands.

25.    In addition, for each missed or non-compliant meal period, Defendant failed and continues to fail to maintain a mechanism by which non-exempt employees were paid meal period premiums at the "regular rate of pay" pursuant to *Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 5th 858 and Labor Code § 226.7.

26.    Accordingly, due to Defendant's uniform meal period practices, non-exempt employees were also regularly denied legally compliant meal periods in violation of Labor Code §§ 226.7, 510, 516, and applicable Wage Orders.

27.    Next, at all relevant times, Plaintiff and other non-exempt employees were not provided with all 10-minute rest periods for every four hours worked, or a major fraction thereof, due to Defendant's uniform rest period policies/practices, operational requirements, and work demands. As a result, Plaintiff and other non-exempt employees were and are often unable to take a net 10-minute duty-free rest period for every major fraction of four hours worked. This includes a second rest period for shifts in excess of six hours and a third rest period for shifts in excess of 10.0 hours in a workday.

28.    By not relieving all non-exempt employees of all duties during rest periods, Defendant failed to provide legally compliant rest periods. See *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal. 5th 257, 269 [concluding that "during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time."] (Emphasis added). In *Augustus*, the California Supreme Court expressly rejected the employer's assertion that it could provide an on-duty rest period to employees who worked as security guards and further explained: "that employers [must] relinquish any control over how employees spend their break time and relieve their employees of all duties." *Id*. at 273. Each time non-exempt employees could not take a compliant rest period, Defendant failed and continues to fail to adequately pay rest period premium payments at the "regular rate of pay" as required by Labor Code § 226.7.

29.    Accordingly, due to Defendant's uniform rest period policies/practices, non-exempt employees were regularly denied legally compliant rest breaks in violation of Labor Code §§ 226.7,

7

EXHIBIT A, Page 24

**CLASS ACTION COMPLAINT**

512, and applicable Wage Orders.

30.     As a result of Defendant's failure to pay Plaintiff and other non-exempt employees for all hours they were subject to the control of Defendant, including all overtime wages, sick pay wages, Defendant's failure to adequately pay for all overtime/sick pay wages at the appropriate legal rate, and Defendant's failure to pay all meal and rest period premiums at the "regular rate of pay," Defendant issued wage statements which failed to identify the gross wages earned accurately, the total hours worked, the net wages earned, and the correct corresponding number of hours worked at each hourly rate, in violation of Labor Code § 226(a)(1, 2, 5, and 9).

31.     Labor Code § 226.3 provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226."

32.     Thus, for the violations of Labor Code section 226 described above, Plaintiff and other non-exempt employees may also recover Labor Code § 226.3 penalties for Defendant's violations of Labor Code § 226(a). Consequently, because Defendant failed to comply with Labor Code § 226(a), Plaintiff and other non-exempt employees would be entitled to recover penalties under Labor Code § 226(e).

33.     Moreover, because Defendant failed to pay all overtime, sick pay wages, and meal and rest period premiums at the "regular rate of pay," Defendant also failed and continues to fail to pay Plaintiff and other non-exempt employees all wages owed at their time of separation from employment in violation of Labor Code §§ 201-203. Thus, non-exempt employees would be entitled to recover waiting time penalties under Labor Code §§ 201-203.

34.     Finally, at all relevant times, Defendant required Plaintiff and other non-exempt employees to incur necessary business for work-related purposes but did not reimburse non-exempt employees adequately for these necessary expenditures in violation of Labor Code §§ 2802-2804. Here, Defendant uniformly failed to reimburse non-exempt employees for the necessary costs incurred in discharging their duties for those non-exempt employees. Accordingly, due to

8

EXHIBIT A, Page 25

**CLASS ACTION COMPLAINT**

Defendant's uniform failure to adequately reimburse for necessary business expenditures in violation of Labor Code §§ 2802-2804 and applicable Wage Orders.

## CLASS ACTION ALLEGATIONS

35.     Plaintiff brings this action on behalf of himself and the following Classes pursuant to § 382 of the Code of Civil Procedure:

> All current or former non-exempt hourly employees who work or worked for Defendant in California during the four years immediately preceding the filing of the Complaint through the date of trial. (the "Class");

> All current or former non-exempt employees who worked for Defendant in California and worked overtime hours during at least one shift during the four years immediately preceding the filing of the Complaint through the date of trial. ("the Overtime Subclass");

> All current or former employees who work or worked for Defendant in California during the one year immediately preceding the filing of the Complaint through the date of trial. ("the Wage Statement Subclass")

> All employees who work or worked for Defendant in California and who left their employment during the three years immediately preceding the filing of the Complaint through the date of trial. ("Waiting Time Penalty Subclass")

> (collectively "the Classes")

36.     **Numerosity/Ascertainability**: The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the Classes is unknown to Plaintiff at this time; however, it is estimated that the Classes consist of at least one hundred (100) individuals. The identity of such membership is readily ascertainable via inspection of Defendant's employment and payroll records.

37.     **Common Questions of Law and Fact Predominate/Well-Defined Community of Interest**: There are common questions of law and fact as to Plaintiff and all other similarly situated non-exempt employees, which predominate over questions affecting only individual members including, without limitation to:

1.     Whether Defendant failed to properly calculate the "regular rate of pay" for purposes of paying overtime and sick pay wages to the members of the Class;

9                    EXHIBIT A, Page 26

**CLASS ACTION COMPLAINT**

2.      Whether Defendant provided legally compliant meal and rest periods or proper compensation at the "regular rate of pay" in lieu thereof to members of the Class;

3.      Whether Defendant furnished legally compliant wage statements to members of the Wage Statement Subclass pursuant to Labor Code § 226(a);

4.      Whether the timing and amount of payment of final wages to members of the Waiting Time Penalty Subclass at the time of separation from employment were unlawful; and

5.      Whether Defendant failed to reimburse Class Members for all necessary business expenses in violation of Labor Code §§ 2802-2804.

38.      **Predominance of Common Questions**: Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendant's policies and/or practices applicable to each individual class member, such as without limitation, Defendant's failure to properly pay overtime and sick pay wages, Defendant's failure to provide all compliant meal and rest periods or premiums at the "regular rate of pay" in lieu thereof, Defendant's failure to provide accurate itemized wage statements, Defendant's failure to pay wages timely, Defendant's failure to reimburse for all necessary business expenses, and Defendant's failure to pay for all wages due upon separation of employment. As such, the common questions predominate over individual questions concerning each class member's showing as to his or her eligibility for recovery or the amount of his or her damages.

39.      **Typicality**: The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendant as a non-exempt employee in California during the statute(s) of limitation applicable to each cause of action pled in the Complaint in this action. As alleged herein, Plaintiff, like the members of the Classes, was deprived of overtime and sick pay wages, was deprived of meal and rest period premium wages, was subject to Defendant's uniform meal and rest period policies/practices, was not provided accurate itemized wage statements, was not reimbursed for all necessary business expenses, and was not timely paid all wages owed upon separation of employment.

10

**CLASS ACTION COMPLAINT**

40.   **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the members of the Classes. Plaintiff's attorneys have prosecuted and are actively litigating several wage-and-hour class actions in state and federal courts and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

41.   **Superiority**: The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.

42.   Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendant herein and which would establish potentially incompatible standards of conduct for Defendant; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. As such, the

11

**CLASS ACTION COMPLAINT**

Classes identified in Paragraph 41 are maintainable as Classes under § 382 of the Code of Civil Procedure.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY ALL OVERTIME WAGES

## (AGAINST ALL DEFENDANTS)

43.    Plaintiff re-alleges and incorporates all previous paragraphs by reference.

44.    This cause of action is brought pursuant to Labor Code §§ 204, 210, 510, 558, 1194, and 1198, which provide that non-exempt employees are entitled to overtime wages for all overtime hours worked and provide a private right of action for the failure to pay all overtime compensation for overtime work performed off-the-clock. In addition, Defendant paid an improper overtime rate of less than one and one-half times the regular rate of pay.

45.    At all times relevant herein, Defendant was required to properly pay Plaintiff and members of the Overtime Subclass for all overtime hours worked pursuant to California Labor Code § 1194 and the applicable Wage Orders.

46.    Section 3 of the applicable Wage Order requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of 8 hours per workday and/or in excess of 40 hours of work in the workweek. The same section also requires an employer to pay an employee double the employee's regular rate of pay for work in excess of twelve hours each workday and/or for work in excess of 8 hours on the seventh consecutive day of work in the workweek. Defendant caused Plaintiff to work overtime and hours but did not compensate Plaintiff or members of the Overtime Subclass at one and one-half times their "regular rate of pay" for such hours.

47.    Defendant failed to conform their pay practices to the requirements of the law. At all relevant times herein, Defendant failed to conform their pay practices to the requirements of the law. This unlawful conduct includes but is not limited to Defendant's failure to pay for all hours properly worked off-the-clock and Defendant's failure to include all forms of compensation, including, but not limited to, non-discretionary bonuses and other incentive pay in calculating the "regular rate of pay," which resulted in these individuals not being paid for all overtime hours worked.

12

**CLASS ACTION COMPLAINT**

48.     The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiff and the members of the Overtime Subclass in a civil action for the unpaid amount of overtime wages, including interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor Code §§ 204, 210, 510, 1194, and 1198, the applicable Wage Orders, and Code of Civil Procedure § 1021.5.

**SECOND CAUSE OF ACTION**

**MEAL PERIOD VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

49.     Plaintiff re-alleges and incorporates all previous paragraphs by reference.

50.     Plaintiff is informed and believes, and based thereon alleges, that Defendant failed in their affirmative obligation to provide all of their hourly non-exempt employees, including Plaintiff and members of the Class, with all required meal periods in accordance with the mandates of the California Labor Code and applicable Wage Orders, for the reasons set forth in the Common Allegations section of this Complaint.

51.     Despite Defendant's violations, Defendant has not paid an additional hour of pay at the "regular rate of pay" to Plaintiff and Class members at their respective regular rates of pay for each violation, per California Labor Code § 226.7.

52.     As a result, Defendant is responsible for paying premium compensation for meal period violations, including interest thereon, statutory penalties, and costs of suit pursuant to the applicable Wage Orders, Labor Code §§ 226.7, 512, and Civil Code §§ 3287(b) and 3289.

**THIRD CAUSE OF ACTION**

**REST PERIOD VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

53.     Plaintiff re-alleges and incorporates all previous paragraphs by reference.

54.     Section 12 of the applicable Wage Orders and Labor Code §§ 226.7 and 516 establishes the right of non-exempt employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked or major fraction thereof.

/ / /

13

EXHIBIT A, Page 30

**CLASS ACTION COMPLAINT**

55. Due to their unlawful rest period policy/practices and operational requirements/work demands, Defendant did not authorize and permit Plaintiff and Class members to take all rest periods to which they were legally entitled.

56. Despite Defendant's violations, Defendant has not paid an additional hour of pay at the "regular rate of pay" to Plaintiff and Class members at their respective regular rates of pay for each violation, per California Labor Code § 226.7.

57. The foregoing violations create an entitlement to recovery by Plaintiff and members of the Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, and costs of suit pursuant to the applicable Wage Orders, Labor Code §§ 226.7 and 516, and Civil Code §§ 3287(b) and 3289.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PAY ALL SICK TIME**

**(AGAINST ALL DEFENDANTS)**

58. Plaintiff re-alleges and incorporates all previous paragraphs by reference.

59. This cause of action is brought pursuant to Labor Code §§ 246, 558, 1194.2, 1197.1, 1198, and 1199 which provide that "[a]n employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days. . . at the rate of not less than one hour per every 30 hours worked, beginning at the commencement of employment."

60. At all times relevant herein, Defendant was required to properly pay Plaintiff and Class members for all sick time pursuant to California Labor Code § 246 and the applicable Wage Orders.

61. Labor Code § 246(l)(1) provides that paid sick time for non-exempt employees must be "calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek." Additionally, Labor Code § 246(l)(2) states that the paid sick time must be "calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment." Finally, Labor Code §246(i) requires employers to "provide an employee with written notice that sets forth the amount of paid

14                                    EXHIBIT A, Page 31

**CLASS ACTION COMPLAINT**

sick leave available, or paid time off leave an employer provides in lieu of sick leave, for use on either the employee's itemized wage statement described in Section 226 or in a separate writing provided on the designated pay date with the employee's payment of wages."

62.    Defendant failed in their obligation to provide Plaintiff and the Class the legally required paid sick days at the legal rate pursuant to Labor Code §§ 246(a),(b). Plaintiff and the Class members were not paid at the correct "regular rate of pay."

63.    The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiff and the members of the Class in a civil action for the unpaid amount of wages, including interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor Code §§ 246 1192, 1194 *et seq*., 1197, 1198, the applicable Wage Orders, and Code of Civil Procedure § 1021.5.

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

## (AGAINST ALL DEFENDANTS)

64.    Plaintiff re-alleges and incorporates all previous paragraphs by reference.

65.    Labor Code 226(a) states in pertinent part the following:

"(a) An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

66.    As set forth above, during the Class Period, Defendant issued and continues to issue wage statements to its employees, including Plaintiff and members of the Wage Statement Subclass, which are inadequate under Labor Code Section § 226(a).

**CLASS ACTION COMPLAINT**

67. As a result of Defendant's failure to pay Plaintiff and the Wage Statement Subclass for all overtime, sick pay wages, and missed meal and rest period premiums at the appropriate legal rate, Defendant failed to include required information on Plaintiff and the Wage Statement Subclass' wage statements, including, but not limited to, the gross wages earned, the net wages earned in violation of Labor Code section 226(a), (1,2,5,6 and 9).

68. Defendant' failure to comply with section 226(a) of the Labor Code was knowing and intentional.

69. As a result of Defendant's issuance of inaccurate itemized wage statements to Plaintiff and members of the Wage Statement Subclass in violation of section 226(a) of the California Labor Code, Plaintiff and members of the Wage Statement Subclass are each entitled to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per Plaintiff and per every member of the Wage Statement Subclass from Defendant's pursuant to section 226(e) of the Labor Code, costs and reasonable attorneys' fees.

**SIXTH CAUSE OF ACTION**

**WAITING TIME PENALTIES**

**(AGAINST ALL DEFENDANTS)**

70. Plaintiff re-alleges and incorporates all previous paragraphs by reference.

71. The actionable period for this cause of action is three years before the filing of this Complaint through the present and ongoing until the violation is corrected or the class is certified.

72. Labor Code §§ 201 and 202 require Defendant to pay all compensation due and owing to Plaintiff and the Waiting Time Subclass during the actionable period for this cause of action at or around the time their employment is terminated or ended.

73. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Labor Code sections 201 and 202, the employer is liable for penalties for continued compensation up to thirty (30) workdays.

74. Defendant willfully failed to pay the Waiting Time Subclass for all hours worked, including all minimum and overtime, sick pay wages, and their meal and rest period premiums at the "regular rate of pay" before or upon termination or separation from employment with Defendant as

16

**CLASS ACTION COMPLAINT**

required by Labor Code §§ 201 and 202.

75. As a result, Defendant is liable to the Waiting Time Subclass for waiting time penalties amounting to thirty (30) days wages for Plaintiff and the Waiting Time Subclass pursuant to Labor Code § 203. *See,* e.g., DLSE Manual, 4.3.4 (Failure to pay any sort of wages due upon termination entitles an employee to recover waiting time penalties).

**SEVENTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENDITURES**

**(AGAINST ALL DEFENDANTS)**

76. Plaintiff re-alleges and incorporates all previous paragraphs by reference.

77. Labor Code 2802(a) states in pertinent part the following: "(a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

78. As set forth above, Plaintiff and Class members must be compensated for all necessary business expenditures, including, but not limited to, a reasonable portion of their monthly personal cell phone bills incurred in the discharge of their duties. (See *Cochran v. Schwan's Home Service, Inc.* (2014) 228 Cal.App.4th 1137 ("We hold that when employees must use their personal cell phones for work-related calls, Labor Code section 2802 requires the employer to reimburse them. Whether the employees have cell phone plans with unlimited minutes or limited minutes, the reimbursement owed is a reasonable percentage of their cell phone bills."); *Ritchie v. Blue Shield of California*, 2014 WL 6982943, at *21 (N.D. Cal. 2014) (certifying class of cell phone reimbursement claim and adopting the logic of *Cochran*).

79. At all relevant times, Defendant has failed to comply with Labor Code Section 2802 and the applicable Wage Orders by failing to reimburse Plaintiff and the Class for all necessary business expenditures.

/ / /

/ / /

17

**CLASS ACTION COMPLAINT**

EXHIBIT A, Page 34

## EIGHT CAUSE OF ACTION

## UNFAIR COMPETITION

## (AGAINST ALL DEFENDANT)

80.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

81.     Defendant has engaged and continues to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 *et seq*., by failing to pay all overtime and sick pay wages at the proper legal rate, by failing to provide all legally required meal and rest periods or pay premium payments at the "regular rate of pay" in lieu thereof, by failing to provide accurate wage statements, by failing to reimburse for all necessary business expenses adequately, and by failing to pay all earned wages at the time of separation from employment.

82.     Defendant's utilization of these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendant competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

83.     Because Plaintiff is a victim of Defendant's unfair and/or unlawful conduct alleged herein, Plaintiff, for himself and on behalf of the members of the Classes, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendant's pursuant to Business and Professions Code §§ 17203 and 17208.

84.     The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

85.     Plaintiff was compelled to retain the services of counsel to file this court action to protect his interests and those of the Classes, to obtain restitution and injunctive relief on behalf of Defendant's current hourly non-exempt employees, and to enforce important rights affecting the public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which he is entitled to recover under Code of Civil Procedure § 1021.5.

/ / /

18

**CLASS ACTION COMPLAINT**

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment for himself and all others on whose behalf this suit is brought against Defendant, as follows:

1. For an order certifying the proposed Classes;

2. For an order appointing Plaintiff as representative of the Classes;

3. For an order appointing Counsel for Plaintiff as Counsel for the Classes;

4. Upon the First Cause of Action for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 204, 210, 510, 1194, and 1198 and reasonable attorneys' fees and costs;

5. Upon the Second Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 204, 210, 510, 1194, 1197, and 1198 and reasonable attorneys' fees and costs;

6. Upon the Second Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 226.7 and 512;

7. Upon the Third Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 226.7 and 516;

8. Upon the Fourth Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 246, 558, 1194.2, 1198, and 1199;

9. Upon the Fifth Cause of Action, penalties pursuant to Labor Code § 226(a), and reasonable costs and attorney's fees;

10. Upon the Sixth Cause of Action, for statutory waiting time penalties pursuant to Labor Code §§ 201-203;

11. Upon the Seventh Cause of Action, for unreimbursed expenses, interest, and attorney's fees and costs pursuant to Labor Code § 2802;

12. Upon the Eighth Cause of Action, for restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendant by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq*.;

/ / /

19

**CLASS ACTION COMPLAINT**

13.    Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

14.    On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 218.5, 226, 1194, Code of Civil Procedure § 1021.5; and

15.    For such other relief that the Court may deem just and proper.

Dated:   January 29, 2024                        **FALAKSSA LAW, P.C.**
                                                 **BOKHOUR LAW GROUP, P.C.**

By: _____
    Joshua Falakassa, Esq.
    Mehrdad Bokhour, Esq.
    Attorneys for Plaintiff and the Putative Classes

20
**CLASS ACTION COMPLAINT**

EXHIBIT A, Page 37

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mehrdad Bokhour, Esq. (SBN: 285256)<br>BOKHOUR LAW GROUP, P.C.<br><br>TELEPHONE NO.: (310) 975-1493    FAX NO. : (310) 675-0861<br>EMAIL ADDRESS:  mehrdad@bokhourlaw.com<br>ATTORNEY FOR *(Name):*  Plaintiff Randy Martinez | **ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Sacramento<br>01/29/2024<br>By: _____ R. Fisher _____ Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SACRAMENTO**
STREET ADDRESS:  720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE:  Sacramento, CA 95814
BRANCH NAME:  Gordon D. Schaber Courthouse

CASE NAME:
 Randy Martinez v Auto Truck Group, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000)    [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 24CV001510<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.   Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[x] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2.   This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. [x] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [x] Substantial amount of documentary evidence
d. [x] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3.   Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4.   Number of causes of action *(specify):* Eight (8)
5.   This case [x] is   [ ] is not   a class action suit.
6.   If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 29, 2024
Mehrdad Bokhour, Esq.
_____
(TYPE OR PRINT NAME)
▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

EXHIBIT A, Page 38

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

EXHIBIT A, Page 39

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<strong>FOR COURT USE ONLY</strong><br>
<em>(SOLO PARA USO DE LA CORTE)</em>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AUTO TRUCK GROUP, LLC. a Delaware Limited Liability Company; and DOES 1-50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RANDY MARTINEZ, on behalf of himself and all others similarly situated,

**ELECTRONICALLY FILED**
Superior Court of California
County of Sacramento
01/30/2024
By: _____ R. Fisher _____ Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Gordon D. Schaber Courthouse

720 9th Street, Sacramento, California 95814

CASE NUMBER:
*(Número del Caso):*

**24CV001510**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mehrdad Bokhour, Esq. (SBN: 285256) 1901 Avenue of the Stars Suite 450, Los Angeles, CA 90067; (310) 975-1493

DATE:
*(Fecha)*       01/30/2024

Clerk, by
*(Secretario)* _____ /s/ R. Fisher _____ , Deputy
*(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

EXHIBIT A, Page 40

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

| **SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO** | Court Use Only |
|---|---|
| COURTHOUSE ADDRESS: Gordon D. Schaber Superior Court 720 9th Street, Sacramento, CA 95814 | |
| PLAINTIFF/PETITIONER: Randy Martinez | |
| DEFENDANT/RESPONDENT: Auto Truck Group, LLC et al | |

| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (UNLIMITED CIVIL CASE)** | CASE NUMBER: 24CV001510 |
|---|---|

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

## NOTICE OF CASE ASSIGNMENT

Pursuant to rule 3.734 of the California Rules of Court, this action is hereby assigned for limited purposes to the judicial officers indicated below:

| **PURPOSE** | **ASSIGNED JUDGE** | **COURT LOCATION** | **DEPARTMENT** |
|---|---|---|---|
| **LAW & MOTION** | Christopher E. Krueger | Hall of Justice | 54 |
| **CASE MANAGEMENT PROGRAM** | Kenneth C. Mennemeier | Gordon D. Schaber Superior Court | 38 |

Please refer to Chapter Two – Parts 3 and 4 of the Sacramento Superior Court Local Rules and the Court's website for additional filing instructions and hearing reservation information.

## NOTICE OF CASE MANAGEMENT CONFERENCE

**Hearing Date**

The above entitled action has been set for a case management conference at **8:30 AM** on **August 23, 2024** in **Department 38** in accordance with California Rules of Court 3.722. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**

Prior to the filing of the case management statement, the parties should have done the following:

- Served all parties named in the complaint within 60 days after the summons has been issued
- Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
- Met and conferred with all parties as required by CRC 3.724 to discuss and resolve issues set forth therein.

**NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (UNLIMITED CIVIL CASE)**          EXHIBIT A, Page 41

| SHORT TITLE: MARTINEZ vs AUTO TRUCK GROUP, LLC, et al. | CASE NUMBER: 24CV001510 |
|---|---|

**Tentative Ruling**

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary. To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Friday calendar by accessing the court's internet website at www.saccourt.ca.gov

**Remote Appearances**

Unless ordered to appear in person by the court, parties may appear remotely either telephonically or by video conference via the Zoom video/audio conference platform with notice to the court and all other parties in accordance with Code of Civil Procedure 367.75. If appearing remotely, parties are required to participate in their hearing using a device that has video and/or audio capability (i.e. computer, smartphone, or tablet). Although remote participation is not required, the court will presume all parties are appearing remotely for non-evidentiary civil hearings.

**Certification Filed in Lieu of Case Management Statement**

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

**Case Management Orders**

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Notice of Case Assignment and Case Management Conference**

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Compliance**

Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**

Case management conference(s) will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 01/30/2024                                    By:        /s/ R. Fisher

                                                          R. Fisher, Deputy Clerk

                                                          EXHIBIT A, Page 42

**NOTICE OF CASE ASSIGNMENT
AND CASE MANAGEMENT CONFERENCE
(UNLIMITED CIVIL CASE)**

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| Mehrdad Bokhour, Esq. (SBN 285256)<br>BOKHOUR LAW GROUP, P.C.<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, CA 90067<br>*Telephone No:*  310-975-1493<br>*Attorney For:*  Plaintiff<br><br>*Ref. No. or File No.:* | **ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Sacramento<br>01/31/2024<br>D. Donkin<br>By: _____ Deputy |

*Insert name of Court, and Judicial District and Branch Court:*
SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SACRAMENTO

*Plaintiff:*  RANDY MARTINEZ, on behalf of himself
*Defendant:*  AUTO TRUCK GROUP, LLC. a Delaware Limited Liability Company

| PROOF OF SERVICE SUMMONS | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>24CV001510 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Notice of Case Assignment and Case Management Conference (Unlimited Civil Case)

3. *a.*  Party served:  AUTO TRUCK GROUP, LLC. a Delaware Limited Liability Company
   *b.*  Person served:  Jenn Bautista, Authorized to Accept Service for CSC Lawyers Incorporating Service, Agent for Service of Process

4. *Address where the party was served:*  2710 Gateway Oaks Drive Suite 150N, Sacramento, CA 95833

5. *I served the party:*
   a. **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Tue, Jan 30 2024 (2) at *(time)*: 01:51 PM
   (1)  [X]  **(business)**
   (2)  [ ]  **(home)**
   (3)  [ ]  **(other)** :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  [ ]  as an individual defendant.
   b.  [ ]  as the person sued under the fictitious name of *(specify)*:
   c.  [ ]  as occupant.
   d.  [X]  On behalf of *(specify)*:  AUTO TRUCK GROUP, LLC. a Delaware Limited Liability Company
       under the following Code of Civil Procedure section:

   | | |
   |---|---|
   | [ ] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
   | [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
   | [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
   | [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
   | [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
   | [X] other:  Limited Liability Company | |



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*10339746*
*(5598668)*
**Page 1 of 2**

EXHIBIT A, Page 43

| | |
|---|---|
| *Plaintiff:* RANDY MARTINEZ, on behalf of himself | *Case Number:* |
| *Defendant:* AUTO TRUCK GROUP, LLC. a Delaware Limited Liability Company | 24CV001510 |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name: Michael Morris
   b. Address: **FIRST LEGAL**
      1517 W. Beverly Blvd.
      LOS ANGELES, CA 90026
   c. Telephone number: (213) 250-1111
   d. **The fee** for service was: $87.00
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒ a registered California process server:
         (i) ☐ owner ☐ employee ☒ independent contractor
         (ii) Registration No: 2012-33
         (iii) County: Sacramento

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| | |
|---|---|
| 01/31/2024 | *Michael Morris* |
| *(Date)* | *Michael Morris* |

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*10339746*
*(5598668)*
**Page 2 of 2**

EXHIBIT A, Page 44

# Exhibit B

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento
02/28/2024
By: _____ Deputy
N. Zeyaad

Danielle Hultenius Moore (SBN 232480)
 E-Mail: dmoore@fisherphillips.com
Lauren Bushman (SBN 314865)
 E-Mail: lbushman@fisherphillips.com
Misha K. Jamshidi (SBN 333803)
 E-Mail: mjamshidi@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

Attorneys for Defendant
AUTO TRUCK GROUP, LLC

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| RANDY MARTINEZ, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>AUTO TRUCK GROUP, LLC. a Delaware Limited Liability Company; and DOES 1-50, inclusive,<br><br>    Defendants. | CASE NO.: 24CV001510<br>*[Unlimited Jurisdiction]*<br><br>*Assigned for all purposes to the Honorable Christopher E. Krueger, Dept. 54*<br><br>**DEFENDANT AUTO TRUCK GROUP, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: January 29, 2024<br>Trial Date:  Not Set |

Defendant, AUTO TRUCK GROUP, LLC, ("Defendant") responds to Plaintiff's complaint as follows:

## DEMAND FOR ARBITRATION

Defendant demands that this matter, in its entirety, be submitted to binding arbitration pursuant to a valid arbitration agreement entered into between the Parties. Defendant will file a stipulation signed by the Parties' representatives, or alternatively a motion to compel arbitration. Defendant does not, by filing this pleading, waive its right to compel binding arbitration.

## ANSWER

1. Pursuant to California Code of Civil Procedure section 431.30, subdivision (d),

EXHIBIT B, Page 45

1

ANSWER AND AFFIRMATIVE DEFENSES

FP 49728967.1

Defendant generally denies each and every allegation and cause of action in Plaintiff's unverified complaint.

2. Further answering the Complaint, including each and every cause of action, Defendant denies that Plaintiff has suffered or will sustain any injury, damage, or loss by reason of any action, error, or omission of Defendant's part.

3. In addition to this general denial, pursuant to California Code of Civil Procedure section 431.30, subdivision (g), Defendant asserts the following affirmative defenses to the Complaint.

### FIRST AFFIRMATIVE DEFENSE

1. This matter is preempted by the existence of a valid, binding arbitration agreement and Defendant reserves the right to move to compel arbitration.

### SECOND AFFIRMATIVE DEFENSE

2. This court lacks subject matter jurisdiction because all disputes arising out of or related to Plaintiff's employment with their employer are subject to their agreement to submit such disputes to binding contractual arbitration, and any contrary state laws operating to defeat such arbitration are preempted by the Federal Arbitration Act, 9 U.S.C. sections 1, *et seq.,* and this dispute as to all defendants should be in arbitration.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendant.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's complaint, and each and every cause of action therein, is barred by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure sections 335.1, 337, 338(a), 339, 340(a), and 343, California Labor Code section 203, Business & Professions Code section 16750.1 and 17208, and any other applicable state or federal laws.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendant.

EXHIBIT B, Page 46

ANSWER AND AFFIRMATIVE DEFENSES

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff and/or putative class members are estopped by their conduct from recovering any relief sought in the complaint, or in any purported cause of action alleged therein.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff and/or putative class members' claims are barred by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff is guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by laches.

**NINTH AFFIRMATIVE DEFENSE**

9. By his conduct, Plaintiff has waived any right to recover any relief sought in the complaint, or in any purported cause of action alleged therein.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies and/or internal grievance procedures.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. The alleges acts of the DOE Defendants of which Plaintiff complains were all undertaken outside the scope of their agency and/or contractual relationship, if any, with any Defendant and without the knowledge or consent of any Defendant, and Defendant may not be held liable for such acts.

**TWELFTH AFFIRMATIVE DEFENSE**

12. The claims of one or more of the putative class members are subject to a binding arbitration agreement which precludes those putative class members from participating in this class action and precludes the certification of a class.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiff's and/or putative class members' claims are barred, in whole or in part, because the work they performed falls within one or more of the exemptions provided by the Fair Labor Standards Act, the California Labor Code, and the California industrial Welfare

3

ANSWER AND AFFIRMATIVE DEFENSES

Commission's Wage Orders.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    Plaintiff's allegations are barred as a matter of law because Plaintiff lacks standing, and thus, cannot represent the interests of the alleged class as to each purported cause of action therein.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    Plaintiff's class allegations are barred as a matter of law because Plaintiff cannot satisfy the prerequisites for class certification as required by California Code of Civil Procedure § 382 and current legal standards.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    Defendant opposes class certification and disputes the propriety of class treatment. If the Court certifies a class in this case over Defendant's objections, then Defendant asserts the affirmative defenses set forth herein against each and every member of the certified class.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Certain interests of the putative class are in conflict with the interests of all or certain sub-groups of the members of the alleged class of persons, which the named Plaintiff purports to represent, the existence of which is expressly denied.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    The class allegations set forth on behalf of the alleged class, the existence of which is expressly denied, involve matters for which individual questions predominate, and therefore, are not appropriate claims for class treatment pursuant to California Code of Civil Procedure § 382.

## NINETEENTH AFFIRMATIVE DEFENSE

19.    The class of persons which the named Plaintiff purports to represent, the existence of which is expressly denied, is not so numerous that joinder is impracticable, and therefore, fails to meet the prerequisites for class certification as required by Code of Civil Procedure § 382.

EXHIBIT B, Page 48

4

FP 49728967.1

**TWENTIETH AFFIRMATIVE DEFENSE**

20.    The claims alleged by the named Plaintiff are neither common to nor typical of those, if any, of the alleged class, which the named Plaintiff purports to represent, the existence of which is expressly denied.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.    Proposed class counsel is not able to fairly and adequately represent the interests of the putative class.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.    Plaintiff's and/or putative class members' claims against Defendant are barred to the extent that Plaintiff and/or putative class members failed to provide Defendant with accurate and/or timely information regarding their hours worked.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23.    Plaintiff and/or putative class members were paid all wages due him on a timely basis.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24.    Plaintiff and/or putative class members claims for waiting time penalties pursuant to Labor Code section 203 are barred because Defendant did not willfully withhold wages over which there was no good faith dispute and in fact, acted at all times with the good faith belief that Plaintiff and/or putative class members were compensated as required by law.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25.    Any recovery on Plaintiff and/or putative class members' complaint or any cause of action therein is barred on the ground that to the extent they did work any overtime, which Defendant denies because Plaintiff and/or putative class members were exempt, such work was unauthorized by Defendant and performed without Defendant's knowledge.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26.    At all times Defendant was acting in good faith and had reasonable grounds for believing that its method of compensating Plaintiff and/or putative class members was lawful.

EXHIBIT B, Page 49

5

FP 49728967.1

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     Plaintiff's and/or putative class members' claim that they were unlawfully denied their right to meal periods is barred to the extent that Plaintiff and/or putative class members were "provided" off-duty meal periods of at least thirty (30) minutes duration at the appropriate times as required by Section 11 of the applicable Industrial Welfare Commission Wage Order, and any interruption during said meal periods (which Defendant does not concede) was "*de minimis*," as permitted by law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     Plaintiff's and/or putative class members' claim that they were unlawfully denied their right to meal periods is barred to the extent they voluntarily relinquished or waived their right to such meal periods.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     The complaint, and each purported cause of action asserted against Defendant, is barred by Defendant's substantial compliance with all applicable laws.  Hence, Defendant's business practices were not unfair or unlawful within the meaning of California Business & Professions Code Section 17200.

## THIRTIETH AFFIRMATIVE DEFENSE

30.     Plaintiff and/or putative class members' claims for penalties are barred by the due process clauses of the Fourteenth Amendment to the United States Constitution and Article I, Section 15 of the California Constitution.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     Plaintiff and/or putative class members' claims for penalties are barred by the "excessive fines" clauses of the Eighth Amendment to the United States Constitution and Article I, Section 17 of the California Constitution.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.     Any recovery on Plaintiff's and/or putative class members' complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's and/or putative class members' failure to mitigate their damages.

EXHIBIT B, Page 50

6

ANSWER AND AFFIRMATIVE DEFENSES

FP 49728967.1

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33.     Any recovery on Plaintiff's complaint or any purported cause of action alleged therein, is barred in whole or in part by after-acquired evidence.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.     Any recovery on Plaintiff's complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate his damages.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.     Claimant's claim for penalties pursuant to California Labor Code sections 226(e) and/or 226.3 are barred because Claimant was not injured by Respondent's alleged failure to comply with California Labor Code section 226(a), or any statute or regulation of similar effect.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.     Claimant's claim for penalties pursuant to California Labor Code sections 226(e) and/or 226.3 are barred because Respondent did not knowingly and intentionally fail to comply with California Labor Code section 226(a), or any statute or regulation of similar effect.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.     Claimant's claim for penalties pursuant to California Labor Code sections 226(e) and/or 226.3 are barred to the extent Respondent's alleged failure to comply with California Labor Code section 226(a), or any statute or regulation of similar effect, was caused by inadvertence or clerical error.

///

///

///

///

///

///

///

///

///

EXHIBIT B, Page 51

7

ANSWER AND AFFIRMATIVE DEFENSES

FP 49728967.1

**WHEREFORE**, this answering Defendant prays as follows:

1.    That Plaintiff take nothing by his complaint for damages;

2.    That Plaintiff's complaint herein be dismissed in its entirety with prejudice;

3.    That Defendant recover its costs of suit herein, including its reasonable attorneys' fees; and,

4.    That the court award such other and further relief as it deems appropriate.

DATE:  February 28, 2024                    **FISHER & PHILLIPS LLP**

By:  _____
Danielle Hultenius Moore
Lauren Bushman
Misha K. Jamshidi
Attorneys for Defendant
AUTO TRUCK GROUP, LLC

EXHIBIT B, Page 52

8

ANSWER AND AFFIRMATIVE DEFENSES

FP 49728967.1

**PROOF OF SERVICE**
**(CCP §§1013(a) and 2015.5)**

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of San Diego with the law offices of Fisher & Phillips LLP and its business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On February 28, 2024, I served the following document(s) ANSWER AND AFFIRMATIVE DEFENSES on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Mehrdad Bokhour, Esq., (SBN. 285256)<br>**BOKHOUR LAW GROUP, P.C.**<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, California 90067 | Tel:   (310) 975-1493<br>Fax:   (310)675-0861<br><br>Email: mehrdad@bokhourlaw.com<br><br>*Attorneys for Plaintiff, Randy Martinez and the Putative Classes* |
| Joshua S. Falakassa, (SBN. 295045)<br>**FALAKASSA LAW, P.C.**<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, California 90067 | Tel:   (818) 456-6168<br>Fax:   (888) 505-0868<br><br>Email: josh@falakassalaw.com<br><br>*Attorneys for Plaintiff, Randy Martinez and the Putative Classes* |

☒    **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed February 28, 2024, at San Diego, California.

Zilia A. Hickman
_____
Print Name

By: _____ _____
Signature

EXHIBIT B, Page 53

1
PROOF OF SERVICE

FP 49728967.1

# Exhibit C

Danielle Hultenius Moore (SBN 232480)
    E-Mail:  dmoore@fisherphillips.com
Lauren Bushman (SBN 314865)
    E-Mail:  lbushman@fisherphillips.com
Misha K. Jamshidi (SBN 333803)
    E-Mail:  mjamshidi@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile:  (858) 597-9601

Attorneys for Defendant
AUTO TRUCK GROUP, LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| RANDY MARTINEZ, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>AUTO TRUCK GROUP, LLC. a Delaware Limited Liability Company; and DOES 1-50, inclusive,<br><br>                    Defendants. | CASE NO.:   24CV001510<br>*[Unlimited Jurisdiction]*<br><br>*Assigned for all purposes to the*<br>*Honorable Christopher E. Krueger, Dept. 54*<br><br>**DEFENDANT'S NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>*[Filed concurrently with Notice of Removal]*<br><br>Complaint Filed: January 29, 2024<br>Trial Date:         Not Set |

**TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on February 29, 2024, Defendant AUTO TRUCK GROUP, LLC, Inc. filed a Notice of Removal of this action from Superior Court of California, County of Sacramento to the United States District Court for the Eastern District of California. A true and correct copy of the Notice is attached hereto as **Exhibit A** (without re attaching this document as part of the exhibit).

/ / /

/ / /

/ / /

EXHIBIT C, Page 54

1
DEFENDANT'S NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT
FP 49737708.1

DATE:  February 29, 2024                    **FISHER & PHILLIPS LLP**

By: _____

Danielle Hultenius Moore
Lauren Bushman
Misha K. Jamshidi
Attorneys for Defendant
AUTO TRUCK GROUP, LLC

EXHIBIT C, Page 55

2

DEFENDANT'S NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT

FP 49737708.1

**PROOF OF SERVICE**
**(CCP §§1013(a) and 2015.5)**

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of San Diego with the law offices of Fisher & Phillips LLP and its business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On February 29, 2024, I served the following document(s) **DEFENDANT'S NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Mehrdad Bokhour, Esq., (SBN. 285256) **BOKHOUR LAW GROUP, P.C.** 1901 Avenue of the Stars, Suite 450 Los Angeles, California 90067 | Tel:   (310) 975-1493 Fax:   (310)675-0861 Email: mehrdad@bokhourlaw.com *Attorneys for Plaintiff, Randy Martinez and the Putative Classes* |
| Joshua S. Falakassa, (SBN. 295045) **FALAKASSA LAW, P.C.** 1901 Avenue of the Stars, Suite 450 Los Angeles, California 90067 | Tel:   (818) 456-6168 Fax:   (888) 505-0868 Email: josh@falakassalaw.com *Attorneys for Plaintiff, Randy Martinez and the Putative Classes* |

☒  **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Diego California, in a sealed envelope with postage fully prepaid.

☐  **[by FAX]** - Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at fax number(s) listed above from fax number (858) 597-9601. The fax reported no errors. A copy of the transmission report is attached.

☐  **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☐  **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

☐  **[by PERSONAL SERVICE]** - I delivered the document(s) to the person(s) at the address(es) listed above by (1) (a) personal delivery, or (b) by leaving the documents in an envelope/package with an individual in charge of the office, or (c) by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 6:00 p.m., or (2) by messenger – a copy of the Messenger Declaration is attached.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed February 29, 2024, at San Diego, California.

Andrea N. Ford
Print Name

By: _____
Signature

EXHIBIT C, Page 56

1
PROOF OF SERVICE

FP 49737708.1

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On February 29, 2024, I served the foregoing document entitled **DEFENDANT'S NOTICE OF REMOVAL AND REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| **BOKHOUR LAW GROUP, P.C.**<br>Mehrdad Bokhour, Esq.<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, California 90067 | Telephone: (310) 975-1493<br>Facsimile: (310) 675-0861<br>Email: mehrdad@bokhourlaw.com<br><br>Attorney for Plaintiff,<br>RANDY MARTINEZ |
| **FALAKASSA LAW, P.C.**<br>Joshua S. Falakassa, Esq.<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, California 90067 | Telephone: (818) 456-6168<br>Facsimile: (888) 505-0868<br>Email: josh@falakassalaw.com<br><br>Attorney for Plaintiff,<br>RANDY MARTINEZ |

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by FAX]** - I caused the aforementioned document(s) to be telefaxed to the aforementioned facsimile number(s). *The facsimile machine I used complied with California Rules of Court, Rule 2003(3) and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2005(i), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration and/or no error was reported by the machine.*

☐ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by

1

CERTIFICATE OF SERVICE

FP 49723719.1

Federal Express.  Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☐   **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s).  Such messenger is over the age of eighteen years and not a party to the within action and employed with Attorney Service Name and Address .

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed February 29, 2024, at San Diego, California.

Andrea N. Ford
_____
Print Name

By: _____
Signature

2
CERTIFICATE OF SERVICE

FP 49723719.1